UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASPASIA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-57-P-S |
| | ) |
| *M/V STELLA ANN*, et al., | ) |
| | ) |
| Defendants. | ) |

## The Procedural History

On April 3, 2007, Aspasia Corporation filed a verified complaint alleging that it had provided services and necessaries in the form of wharfage and that, as a result of non-payment, it was owed $4,498.21. Pursuant to Admiralty Rules C and E this Court issued orders for arrest of the vessel and an order for appointment of a substitute custodian, appointing Aspasia as the substitute custodian. Based upon this, Aspasia then seized a vessel allegedly worth $80,000. In order to do so, Aspasia had to incur costs and fees in excess of its claim for wharfage and it also undertook to provide "insurance in an amount adequate to cover the value of the vessel." (Doc. No. 5.)

On April 6, the U.S. Marshall took the *M/V STELLA ANN* into custody and arranged for it to be turned over to the substitute custodian. On the same date, Marine Safety Consultants, Inc., by and through Neil Rosen, conducted a condition and value survey. At the time of the arrest, TRC Properties, Inc., Ted Thomes, and Renee Thomes were named as the owners/interested persons in connection with the *M/V STELLA ANN* and, accordingly, the appropriate process was served on them. The Thomeses proceeded to represent themselves *pro se*. The corporation was defaulted. (Doc. No. 25.) Mr.

Thomes, *pro se*, filed a motion to release the *STELLA ANN* from the substitute custodian. (Doc. No. 28.) In his motion, Mr. Thomes represented to this Court that he had seen the vessel at Aspasia one week after the arrest, in a slip which he believed was too shallow and would cause damage to his vessel. He also advised this Court that the locks on the door had not been replaced, and that the door was wide open. Further, he represented that the dock lines were not adequately positioned and that there were inadequate floating bumpers to prevent the vessel from rubbing on the dock.

At the same time Thomes filed various other motions seeking reimbursement of $40,000.00, removal of the case to state court, for the entry of default against the plaintiff, for the removal of the U.S. Marshal from involvement in the case, and for an extension of the time limits in the proposed scheduling order. (Doc. Nos. 29-33.) Thomes wanted an expedited hearing on his motion for return of the vessel. I tried to address these various matters during a telephonic scheduling conference. (Doc. No. 36.) The motions that remained unresolved were taken under advisement by Chief Judge Singal and he denied the motion for immediate release and an earlier motion to release the vessel from the substitute custodian. (Docket No. 40.)

In mid-July, Attorney Michael Savasuk entered his appearance on behalf of the Thomeses and TRC Properties. Attorney Savasuk filed an amended answer and counterclaim, alleging that the vessel had suffered substantial damage to the hull. The parties proceeded to engage in discovery and no renewed motion to set aside the default of the corporation was ever entered. On October 24, 2007, the defendants filed the instant motions for release of the vessel, oral argument, and countersecurity. (Doc. Nos. 50 & 52.) These motions were fully briefed on November 28, 2007, and shortly

thereafter referred to me for decision. However, the parties faced a final discovery deadline of December 10, 2007, and a number of discovery issues remained unresolved. I held a discovery telephone conference and during the conference I suggested to the parties that since these pending motions would, in my opinion, likely require an evidentiary hearing in order to resolve them, it would make sense, at this juncture, to simply have the trial on the merits of both the complaint and the counterclaim. The parties did not adopt these suggestions, and the motions are now ready for decision. In the meantime, discovery has closed and additional motions have been filed by the plaintiff. These additional motions include a motion for interlocutory sale of the vessel and for default judgment as to TRC Properties. (Doc. Nos. 76 & 78.) The matter is now on Chief Judge Singal's March trial list.

## Discussion

The Thomeses seek post-arrest release of their vessel under a somewhat novel theory, based upon what they perceive as post-arrest damage to the vessel and economic hardship created by the relatively small original claim that has mushroomed into an expensive and protracted legal battle. Rule E(4)(f) of the Admiralty Rules allows for a motion "to show why the arrest or attachment should not be vacated or other relief consistent with these rules." The Thomeses invoke not the Rule, but general equity principles, asking the court to convert what is essentially a rule that allows for an expedited hearing, the posting of a bond, and the prompt release of a vessel into a full hearing on the merits of the claims and counterclaims at issue in this case.

> The post-arrest hearing is not intended to resolve definitively the dispute between the parties, but only to make a preliminary determination whether there were reasonable grounds for issuing the arrest warrant, and if so, to fix an appropriate bond. Generally speaking, an exhaustive

3

> adversarial hearing is not necessary for resolution of those issues. Thus, in
> many instances we would expect that an informal proceeding, perhaps in
> the nature of a conference before the district court, supplemented by
> affidavits and legal memoranda as directed by the court might be
> sufficient.

Salazar v. Atlantic Sun, 881 F.2d 73, 79-80 (3rd Cir. 1989).

In this case I find that Aspasia has presented, through the affidavits filed in support of its response to the motion (Doc. No. 59 Exs.) and the deposition testimony of Ted Thomes (Doc. No. 61), reasonable grounds for the issuance of the arrest warrant. Because the Thomeses do not seek a bond for the release of the vessel, I have no reason to set an appropriate bond although, given the state of this record and the charges and countercharges that have been raised, I would consider a $ 5,000.00 bond to be more than sufficient to satisfy the initial claim.

In support of the request for release of the vessel without bond, the Thomeses cite Alter Barge Line, Inc. v. Consolidated Grain and Barge Co., 272 F.3d 396, 397-98 (7th Cir. 2001), a case that allowed the late filing of an injured seaman's claim in a limitation of liability action under a minimal cause standard. The language cited by the Thomeses, referencing the court's power "to shape admiralty proceedings so as to achieve substantial justice," had to do with the appellate court's decision to overrule the trial court's rejection of the late claim without necessarily finding that its disallowance of the claim was an abuse of discretion, the normal standard of appellate review in that situation. Essentially the case has nothing to do with what the Thomeses are requesting from the court at this juncture. Ordering the release of the vessel, based on dueling affidavits, would do nothing to achieve substantial justice. The court can meet its equitable obligations in this case by scheduling the matter for full trial on the merits as soon as its schedule allows.

To hold some intermediate hearing would simply increase costs and delay the ultimate full trial of the issues presented in the complaint and counterclaim.

The Thomeses also request that the court require the defendant to post counter security in light of their counterclaim. Again, I am not sure of the procedural grounds upon which the Thomeses base this motion, but even a cursory reading of Admiralty Rule E (7)(a) seems to suggest that in order to require Aspasia to post "countersecurity" as against the counterclaim, the Thomeses would first have had to post security for the release of the vessel. They have not done so. I therefore conclude that I have no authority to order that countersecurity be posted.

## Conclusion

Based upon the foregoing the motions for release of the vessel and the combined motion for expedited oral argument/hearing and countersecurity (Doc. Nos. 50 & 52) are DENIED. The related motions regarding striking pleadings and surreplies (Doc. Nos. 70 & 71) are likewise DENIED. The matter should be scheduled for trial on the merits at the first available date.

## **CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

January 2, 2008                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge