UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ASPASIA CORP., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 7-57-P-S |
| | ) |
| M/V STELLA ANN, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDED DECISION ON
MOTION TO VACATE DEFAULT (Doc. No. 82)
and
MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY (Doc. No. 78)
and
ORDER ON MOTION FOR RELEASE OF M/V STELLA ANN (Doc. 86)**

    This matter is once more before the court on yet another round of motions. This time the parties are embroiled in a dispute about the status of what is apparently a now defunct corporate entity and party defendant, TRC Properties, Inc. TRC Properties, Inc. is the registered owner of the M/V Stella Ann, a documented vessel, according to the U.S. Coast Guard Document Center's Abstract of Title. Defendants Renee and Ted Thomes claim that TRC Properties is no longer the equitable owner of the vessel and that they have now succeeded to all the rights (and presumably liabilities) of TRC Properties, Inc. I now recommend the court deny the motion to vacate default and deny the motion for default judgment as to liability.

*The Entry of TRC's Default*

    This case began April 3, 2007, almost one year ago, as an in rem action against the M/V Stella Ann and an in personam action against three defendants, Ted Thomes,

Renee Thomes, and TRC Properties, Inc. The Thomeses appeared in the action, pro se, and after a couple of extensions were ordered to answer the complaint by June 5, 2007. When the answer was filed on June 5 it was signed by Ted and Renee Thomes, but no one appeared on behalf of TRC Properties, Inc. (Doc. No. 22.) Aspasia promptly requested the entry of default (Doc. No. 24) on June 8, 2007. The clerk entered TRC Properties, Inc.'s default on June 11, 2007 (Doc. No. 25.) The Thomeses responded with a motion to set aside default (Doc. No. 27) claiming that TRC Properties, Inc. was defunct and no longer existed. The Thomeses also asserted that if the corporation was legally required to appear only through counsel that the court had an obligation to appoint an attorney to represent the corporation. (See Doc. 27, ¶¶ 1-2.)

On July 13, 2007, counsel entered an appearance on behalf of M/V Stella Ann, TRC Properties, Inc., Ted Thomes, and Renee Thomes. (Doc. No. 41.) On July 20, 2007, the pro se motion to vacate the default was referred to me and I entered an order denying the motion because I did not believe that any of the grounds raised in the motion met even the Federal Rule of Civil Procedure 55 minimal threshold for setting aside the entry of default. However, because counsel had appeared in the case, and because some ambiguity had been created because of counsel's purported entry of an answer and a counterclaim on behalf of TRC Properties, Inc., I made it clear in my order that I would entertain a renewed motion by August 3, 2007. I recognized the very real possibility that counsel was not yet up to speed in regards to the pleadings in the case and might have overlooked the default entered by the clerk. Defense counsel now says that part of the reason he did not file a timely motion to vacate was that it took him significant time to sort out the pleadings filed by his client. (Doc. No. 82 at 4). Of course, this was my

very concern when I issued the Order on July 20, 2007, which highlighted the issue of the corporation's default and essentially solicited a renewed motion to set it aside. (Doc. No. 44.)

By July 27, 2007, counsel was able to sort through the pro se filings and proceeded to withdraw numerous pending motions. (Doc. No. 45.) Counsel candidly explains why he did not move to set aside TRC, Properties, Inc.'s default as follows:

> The undersigned counsel reviewed all the facts surrounding the ownership of the vessel, which are essentially laid out in Document 64. This is Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Release of the M/V STELLA ANN. The undersigned counsel concluded, upon reasonable review of the facts and the law, that TRC was not an owner in interest and therefore, did not respond to this Court's invitation to renew the Motion to Vacate the Default against TRC. Later, TRC, by and through the undersigned counsel, did raise as an affirmative defense, that the Verified Complaint filed by the Plaintiff did not state a cause of action against TRC for that very reason. Thus, an Answer was filed by TRC within the extended period of time.

(Mot. To Vacate Entry of Default at 2, Doc. 82 .)

*The Motion to Vacate Entry of Default*

On January 11, 2008, counsel filed the instant motion to vacate entry of default. The applicable legal standard is set forth in Federal Rules of Civil Procedure 55(c) and requires a relatively low threshold of "good cause shown." In this case counsel frankly acknowledges that he did not perceive the entry of TRC Properties, Inc.'s default to have any legal significance because in his view the corporation was not an owner in interest. Aspasia, on the other hand, maintains TRC is the legal owner of the vessel and has been defaulted and, therefore, cannot contest the allegations in the complaint. Aspasia points out that filing a motion to vacate the default after the close of discovery unfairly

3

disadvantages the plaintiff because it conducted no discovery directed against TRC, deeming the allegations against it as admitted.

The issue of Ted and Renee Thomes being the equitable owners of the vessel is whether or not TRC is in default, because the Thomeses have raised their ownership interest by way of their own counterclaim.  This issue has greater life than the noncognizable affirmative defense of no legal interest in the vessel raised in the answer purportedly filed on behalf of TRC.  However, it appears to me that TRC's default forecloses it from contesting the facts in the complaint regarding <u>its</u> liability for the wharfage fees that were unpaid.   How that may play out in terms of the amount of any judgment ultimately entered against it on the original complaint turns upon factual and legal determinations not properly before me in these motions.

In my view TRC Properties, Inc. has failed to show good cause for setting aside its default.  All TRC has shown is that counsel made a strategic decision not to request that the default be set aside and then waited six months before changing his mind, for whatever reason.   I recognize that "'good cause' is a mutable standard, varying from situation to situation." <u>Coon v. Grenier</u>, 867 F.2d 73, 76 (1st Cir. 1990).   However, I can find no case recognizing that counsel's change of strategy six months after actual notice of the entry of default and following the close of discovery is good cause.  If the reasons put forth by TRC's counsel are sufficient to meet the mutable standard of good cause, then the rule needs to be rewritten to simply require "any cause."  The First Circuit has characterized a delay of three and one-half months between knowledge of the entry of default and asking the court for relief as a "lack of due diligence." <u>Gen. Contracting & Trading Co., LLC v. Interpole</u>, 899 F.2d 109, 12 (1st Cir. 1990).  Certainly the delay in

4

this case, from July 20, 2007, until January 11, 2008, shows even less diligence on the part of TRC Properties, Inc.

*Motion for Default Judgment*

I can see no reason why the court should enter default judgment as to liability against TRC Properties, Inc. at this time. This matter is set for trial. Ultimately, if the Thomeses do not prevail on their claim of equitable ownership of the M/V Stella Ann, the court might assess liability for all damages and costs against TRC Properties, Inc., if it finds that Aspasia has prevailed on the complaint and the Thomeses have not shown that they are the equitable owners of the vessel. On the other hand, TRC Properties, Inc.'s default might only result in it being unable to contest its liability for the wharfage fees of $4,498.21. It would be premature to enter default judgment on the issue of liability before the court has resolved the underlying issues regarding ownership of the vessel. Those issues have never been presented to this court for resolution by means of a motion for partial summary judgment or in any other fashion. Instead, both sides have filed endless motions skirting that central issue, most probably because the only way to resolve that central issue is to have a fact-finder make a decision. Entering default judgment on the issue of liability against TRC Properties, Inc. at this juncture would only give the parties one more reason to file post judgment motions.

*The Motion for Release of the Vessel*

Had defendants sought release of the vessel by posting $5,000.00 with this court when the vessel was seized as envisioned by Rule E(5) Rules of Admiralty, Maritime Claims, Supp. Rules, I would have ordered the vessel released. However, the endless motion practice in this case has brought with it snowballing costs, storage fees, and

allegations of additional damage to the vessel.  At the present time there is no way to assess what security might be appropriate to secure the release of the vessel.  Plaintiff contends its damages have grown to over $31,372.57.  Defendants claim they have suffered over $45,539.00 in post-arrest damages to the vessel and assorted personal property.  I have no way, short of an evidentiary hearing, to assess the reasonableness of either of those claims.  Both parties seem to agree that the vessel needs substantial work before it could be sold for anything much more than salvage value, which would apparently be just about enough to satisfy plaintiff's present claims.  However, plaintiff suggests there may be some insurance proceeds available to deal with post-arrest damage.  In any event, release of the vessel, what once would have been a fairly simple and straight forward matter, now requires an evidentiary hearing to determine the amount of security required, and, as this matter is now on a trial list for complete resolution, it does not make sense to convene such a hearing.

## Conclusion

Based on the foregoing, I recommend the court deny the motion to vacate default, deny Aspasia's motion for default judgment as to liability at this time, but give Aspasia leave to renew the motion following the trial of the remaining parties when the court presumably will be in a better position to assess the scope of TRC's liability.  I deny the motion for release of the vessel.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive

memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 22, 2008.